UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

   Plaintiff,

 v.              Case No. 07-CR-288

BENJAMIN SOMERS,

   Defendant.

**ORDER**

   Defendant Benjamin Somers pled guilty to one count of selling a firearm to a felon contrary to 18 U.S.C. §§ 922(d), 924(a)(2), and 2. On April 24, 2008, the Court sentenced Somers to thirty months in the custody of the United States Bureau of Prisons (BOP), the high end of the applicable guideline range. In sentencing Somers, the Court noted that its primary purpose was to insure that Somers received the benefit of the "500-hour drug program offered by the BOP. The Court also recommended and expressed the hope that Somers would receive a reduction in his sentence of one year upon completion of the program. Counsel has now filed, on behalf of Somers, a motion to correct the sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure on the ground that the Court's sentence was the result of an "arithmetical, technical, or other clear error."

   Although counsel indicated that it was unlikely, or at least uncertain, that Somers would be granted a reduction in his sentence upon completing the drug treatment program, he now states that he has learned that the BOP has in fact already made clear in its Program Statement 5162.04 that Somers' offense constitute a "crime of violence," making him ineligible for a sentence reduction

upon completion of the 500-hour program. Because the court was under the erroneous impression that Somers' sentence could be reduced, counsel contends that the sentence was the result of clear error and should now be corrected.

The motion will be denied. Although the court expressed hope that Somers would be able to receive the one-year reduction, the sentence imposed was not contingent upon the availability of such relief. The Court noted that the nature of the offense, including that the gun was a handgun, as opposed to a hunting rifle, was stolen in a burglary, and then sold to an unknown, but apparently dangerous, felon, warranted the thirty-month sentence. Indeed, despite the defendant's significant treatment needs, the court noted that it would not impose a sentence beyond what was appropriate simply in order to insure treatment. Based upon the seriousness of the offense, however, and the significant treatment needs of the defendant, coupled with the failure of the defendant to take advantage of previous treatment offers, the court concluded that the thirty-month sentence was appropriate. It thus follows that the sentence imposed was not the result of an "arithmetical, technical, or other clear error." The motion for correction of sentence is therefore **DENIED**.

**SO ORDERED** this   29th   day of April, 2008.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge